# IN THE SUPREME COURT OF TEXAS

═══════════

No. 15-0197

═══════════

UDR TEXAS PROPERTIES, L.P. D/B/A/ THE GALLERY APARTMENTS,
UNITED DOMINION REALTY TRUST, INC., ASR OF DELAWARE, L.L.C.,
AND UDR WESTERN RESIDENTIAL, INC., PETITIONERS,

v.

ALAN PETRIE, RESPONDENT

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════

JUSTICE WILLETT, joined by JUSTICE BOYD, concurring.

I fully join the Court's opinion. It accurately describes extant Texas law on property-owner liability for the criminal acts of third parties. The Court thoughtfully reviews and synthesizes that law, and correctly applies it to the facts presented. I write only to flag something that has long vexed me in these cases: the allocation of responsibilities between the judge and jury, and the derivative and important question of how to correctly charge the jury.

It seems the duty question as analyzed by the Court may be assigning determinations to the trial judge that are usually left to the jury. In this case, the duty question was decided after a two-day evidentiary hearing to the trial court. If the trial court, in determining *duty*, is to balance (1) the burden on the defendant of preventing the injury, (2) the magnitude of the injury to the plaintiff,

and (3) the foreseeability of the injury, then the duty question—determined by the judge—has arguably subsumed *negligence* and *proximate cause* questions traditionally assigned to the jury.

It goes without saying that under tort law generally, questions of negligence and proximate cause are quintessential jury questions. Texas Pattern Jury Charge 4.1, for example, asks: "Did the negligence, if any, of those named below proximately cause the [injury] [occurrence] in question?"[1] Pattern Jury Charge 2.1 defines negligence, and Pattern Jury Charge 2.4 defines proximate cause.[2] The Third Restatement of Torts states that when "reasonable minds can differ as to whether the conduct lacks reasonable care, it is the function of the jury to make that determination."[3] Reasonable or ordinary care is the core negligence issue, as discussed below. Duty, on the other hand, is a question of law for the court.[4]

The Court recognizes a duty on property owners "to use ordinary care to protect invitees from criminal acts of third parties" if the owner "knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee."[5] It says the duty "is essential to the concept of legal duty in all of tort law," and turns on several "factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the

---

[1] COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 4.1 (2016).

[2] *Id.* at PJC 2.1, 2.4.

[3] RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 8 (2010).

[4] *Trammel Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 12 (Tex. 2008).

[5] *Ante* at ___ (quoting *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997)).

defendant."[6] The Court further states: "Unreasonableness 'turns on the risk and likelihood of injury to the plaintiff . . . as well as the magnitude and consequences of placing a duty on the defendant.'"[7] It balances the risk to the plaintiff and the burden on the defendant: "A risk is unreasonable when the risk of a foreseeable crime outweighs the burden placed on property owners—and society at large—to prevent the risk."[8]

I read the Court's opinion as holding that a duty is imposed on property owners to use ordinary care to protect invitees from an unreasonable and foreseeable risk of harm from third-party crimes. Unreasonableness turns on (1) the risk of injury to the plaintiff (which I take to refer to the magnitude or severity of the injury), (2) the likelihood of injury to the plaintiff, and (3) the burden on the defendant of requiring it to protect invitees. The Court notes that "foreseeability and unreasonableness of a risk are not wholly independent," because "'[t]he unreasonableness of a risk cannot be completely separated from its foreseeability.'"[9]

But if the duty inquiry asks whether the defendant failed to use ordinary care to protect against an unreasonable risk of harm to the invitee, and if the reasonableness of the defendant's behavior turns on the magnitude and likelihood of injury to the plaintiff and the burden on the defendant of preventing the injury, then the duty inquiry isn't much different from asking whether the defendant was negligent.

---

[6] *Ante* at ___ (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

[7] *Ante* at ___ (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010)).

[8] *Ante* at ___.

[9] *Ante* at ___ (quoting *Del Lago*, 307 S.W.3d at 770).

3

For example, we recently stated as a "fundamental common-law principle[]" that "negligence means the failure to use ordinary care—failing to do what a reasonable person like the defendant would have done under the same or similar circumstances—to protect against unreasonable risk of harm."[10] This definition of negligence is similar to the duty the Court today recognizes "to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee."[11]

The Court states that "[u]nreasonableness 'turns on the risk and likelihood of injury to the plaintiff . . . as well as the magnitude and consequences of placing a duty on the defendant.'"[12] That sounds an awful lot like Judge Learned Hand's well-known calculus of negligence—aka the Hand rule or Hand formula—holding that a defendant is negligent if

$$B < PL,$$

where B is the burden on the defendant of taking adequate precautions, P is the probability of the loss to the plaintiff, and L is "the gravity" or the magnitude "of the resulting injury."[13] I doubt the "probability" of injury in Hand's formula is much different from the "likelihood" or "foreseeability" of injury, terms we use in our duty determination, though some subtle distinction may escape me. The Hand formula, the subject of 28.1 million Google hits, is widely taught in law

---

[10] *Union Pac. R.R. v. Nami*, 498 S.W.3d 890, 896 (Tex. 2016).

[11] *Ante* at ___ (quoting *Lefmark Mgmt.*, 946 S.W.2d at 53).

[12] *Ante* at ___ (quoting *Del Lago*, 307 S.W.3d at 770).

[13] *United States v. Carroll Towing Co.*, 159 F.2d 169, 173 (2d Cir. 1947).

4

schools as a recognized definition of negligence, and was memorably rearticulated in *Fight Club*, where the narrator explains how his car-company employer decides whether to initiate a recall.[14]

Our own writings and the views of Learned Hand reflect mainstream principles of tort law. Again, under this view, the negligence question focuses on whether the defendant acted reasonably under the circumstances. The reasonableness determination considers, indeed balances, the burden on the defendant of preventing the harm against the severity and likelihood of the injury the plaintiff faces, as reflected in the Third Restatement of Torts:

> A person acts negligently if the person does not exercise reasonable care under all the circumstances. Primary factors to consider in ascertaining whether the person's conduct lacks reasonable care are the foreseeable likelihood that the person's conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate or reduce the risk of harm.[15]

Further, if a foreseeability determination is left to the trial judge in making the duty determination in this context, then half of the proximate-cause determination is arguably left to the trial judge. "To recover under a negligence theory, the plaintiff must establish proximate causation, while recovery under a products liability theory requires proof of producing causation. Proximate cause and producing cause share the common element of causation in fact, with proximate cause

---

[14] Narrator:

A new car built by my company leaves somewhere traveling at 60 mph. The rear differential locks up. The car crashes and burns with everyone caught inside. Now, should we initiate a recall? Take the number of vehicles in the field, A, multiply by the probable rate of failure, B, multiply by the average out-of-court settlement, C. A times B times C equals X. If X is less than the cost of a recall, we don't do one.

FIGHT CLUB (20th Century Fox 1999).

[15] RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 3 (2010).

including the additional element of foreseeability."[16] One can debate whether foreseeability is best considered in the negligence determination or the proximate-cause determination, or both,[17] but there is no doubt that both determinations are ordinarily treated as findings that are factual in nature, and are decided by the jury where reasonable minds could differ on whether the facts support the findings.

I do not suggest that the law in this area presents a constitutional problem in the allocation of findings assigned to the judge. The jury must still decide causation in fact and damages in these cases, and perhaps more. But I do wonder if our decisions compel the trial judge, in deciding the existence of duty in this context, to determine negligence and proximate-cause questions that are traditionally left to the jury. If the answer is yes, the result is unusual if nothing else. I also wonder whether the Court fully appreciates this result.

And if Texas law in these cases assigns questions of foreseeability—an element of proximate cause—and negligence to the judge, must these issues be decided a second time by the jury? I don't have a watertight answer. Even if this result seems unfair to the plaintiff, I suspect that her lawyer will hesitate to forgo a standard jury question on negligence and proximate cause, for fear the defendant will argue on appeal that the verdict lacks vital findings.

---

[16] *Bostic v. Georgia-Pacific Corp.*, 439 S.W.3d 332, 343 n.42 (Tex. 2014) (citing *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 222–23 (Tex. 2010); *Borg-Warner Corp. v. Flores*, 232 S.W.3d 765, 770 (Tex. 2007); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995); *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993)).

[17] Under the Texas Pattern Jury Charges, foreseeability is included in the definition of proximate cause. COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 2.4 (2014). The Third Restatement includes foreseeability in the definition of negligence. RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 3 (2010).

Nothing in today's decision creates a concern that has not existed for years. Twenty years ago, for example, we stated that "[o]ne who controls the premises does have a duty to use ordinary care to protect invitees from criminal acts if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee."[18] Concern as to whether the duty determination coopted determinations usually left to the jury was presented about as well then as it is today.

Further, concern that the duty determination might deprive the jury of its traditional function is not a unique problem. Similar worries, I suppose, are presented when the trial judge employs its gatekeeper function to decide, in a *Robinson* pretrial hearing, that the jury will not hear from a proffered expert. In *Robinson*, we rejected the plaintiffs' contention "that allowing the trial judge to assess the reliability of expert testimony violates their federal and state constitutional rights to a jury trial by infringing upon the jury's inherent authority to assess the credibility of witnesses and the weight to be given their testimony."[19] We observed that the constitutional right to a jury trial "was designed to preserve the basic institution of jury trial in only its most fundamental elements, not the great mass of procedural forms and details."[20] Nevertheless, taking away decisions historically left to the jury, for any reason, should not be taken lightly.

At this point I am only flagging these issues. I have not formulated a grand unified theory of tort law or scripted the ideal way to instruct juries. I write only to kindle further study from the bench, bar, and academy. And I note that even if we were inclined to further explicate the role of

---

[18] *Lefmark Mgmt.*, 946 S.W.2d at 53.

[19] *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

[20] *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 337 (1979)).

the jury in cases involving third-party criminal conduct, this case would not be the appropriate vehicle given the absence of evidence on reasonableness noted by the Court.

                                     _____

                                     Don R. Willett
                                     Justice

**OPINION DELIVERED:** January 27, 2017